IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV21-3-MU
3:93CR28-MU

| | |
|---|---|
| JEREMIAH SLOAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's fourth "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed January 17, 2006. For the reasons stated herein, the Petitioner's Motion to Vacate will be <u>dismissed</u> as successive..

As was noted in the Court's previous Orders, pertinent Court records reflect that in late 1994 a jury convicted Petitioner of various drug trafficking and firearms offenses. Accordingly, on or about December 2, 1994, the Court sentenced the Petitioner to a term of Life plus 45 years imprisonment. The Petitioner's convictions and sentences were affirmed by the Fourth Circuit Court of Appeals' mandate which was issued November 20, 1996.

On September 10, 1998, the Petitioner filed his first Motion to Vacate. (3:98cv401, Doc. No. 1). However, by Order filed July 26, 1999, this Court dismissed that Motion as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. (3:98cv401, Document No. 13)

At some point subsequent to the dismissal of his first Motion to vacate, the Petitioner sought permission under 28 U.S.C. § 2244 from the Fourth Circuit to file another Motion to Vacate in this Court. However, on June 26, 2001, that request was denied.

Next, on January 27, 2003, the Petitioner returned to this Court with his second Motion to Vacate (3:03cv32-2-MU, Document No. 1.) In addition to his claims, the Petitioner argued, as he did in connection with his first Motion to Vacate, that his second Motion should not be deemed time-barred because it was based upon his discovery of new evidence. On March 18, 2003, this Court dismissed Petitioner's second Motion as an unauthorized successive Motion (3:03cv32, Document No. 2.) See 28 U.S.C. § 2244.

On August 4, 2005, Petitioner again returned to this Court on his third Motion to Vacate (3:05cv348-2-MU, Document No. 1.) In his third Motion, petitioner claimed that he was actually innocent of the sentence which he received in light of the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On August 5, 2005, this Court dismissed Petitioner's third Motion to Vacate as an unauthorized successive Motion (3:05cv348, Document No. 2.)

Undaunted by his lack of success, Petitioner has returned to this Court on his fourth Motion to Vacate. This time, Petitioner claims due recent Supreme Court cases such as Apprendi v. New Jersey and United States v. Booker, the one year limitations period should be reset.

As has been noted, this is Petitioner's fourth attempt to collaterally challenge his 1994 conviction. Petitioner recognized that his Motion would be construed as time-barred, and so he attempts to argue that recent Supreme Court cases essentially re-start the limitations clock.

However, it is well settled that before a Petitioner can bring a successive motion to vacate he must first obtain authorization to proceed with that motion from the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244(3)(A). Petitioner is well aware of this requirement as this Court has explained it to him four times now. Thus, because it is clear from the record that no such authorization has been granted to the Petitioner, this fourth Motion to Vacate must be dismissed.

Equally critical, to the extent that the Petitioner is relying upon the decisions announced in <u>Apprendi</u> and/r <u>Booker</u>, such reliance is unavailing since the Supreme Court did not make <u>Apprendi</u> or <u>Booker</u> retroactively applicable to cases on collateral review. Likewise the Fourth Circuit has stated that <u>Apprendi</u> cannot be retroactively applied in the collateral review context. <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir.), <u>cert. Denied</u>, 534 U.S. 1032 (2001). The Fourth Circuit also has affirmatively held although <u>Booker</u> does announce a new rule for <u>Teague</u> purposes, <u>Booker</u> still is not retroactively applicable on collateral review. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, even if the Petitioner could now bring this successive Motion, he would not be entitled to relief on his claim of sentencing in any event.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the instant successive Motion to Vacate is DISMISSED.

SO ORDERED.

**Signed: January 20, 2006**

Graham C. Mullen
Chief United States District Judge