UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-434-GCM
(3:93-cr-28-1)

| | |
|---|---|
| **JEREMIAH WELDON SLOAN,** ) | |
| ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Petitioner is represented by attorney Noell P. Tin. For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion to vacate.

**I. BACKGROUND**

On February 4, 1993, Petitioner was charged in a ten count indictment for one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); five counts of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2); and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See (Criminal Case No. 3:93-cr-28-1). Before trial, two counts for the firearms offenses were dismissed. On December 2, 1994, after a jury trial, Petitioner was convicted on all counts. (Id.).

This Court sentenced Petitioner to life imprisonment plus 45 years. More specifically,

Petitioner was sentenced to life imprisonment for violation of 21 U.S.C. §§ 846 and 841(a)(1); 480 months, to be served concurrently, for violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; 5 consecutive years for his first violation of 18 U.S.C. § 924(c)(1); 20 consecutive years for his second violation of 18 U.S.C. § 924(c)(1); and 20 consecutive years for his third violation of 18 U.S.C. § 924(c)(1).

The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on appeal. United States v. Sloan, Nos. 94-5924, 95-5558, 1996 WL 623231 (4th Cir. Oct. 29, 1996). This Court subsequently reduced Petitioner's sentence on Count One twice following two motions filed pursuant to the crack amendments. (Criminal Case No. 3:93-cr-28-1, Doc. Nos. 74; 88). As a result of the second reduction, ordered on April 25, 2013, Petitioner's current sentence for the conspiracy conviction is 292 months. (Id., Doc No. 89: Amended Judgment). Therefore, Petitioner's current sentence is 292 months plus 45 years, for a total of 832 months. (Id.). Before filing the pending motion to vacate, Petitioner filed four motions to vacate pursuant to 28 U.S.C. § 2255, each of which this Court has denied. (Order, 3:98-cv-401, Doc. No. 13; Order, 3:03-cv-32, Doc. No. 2; Order, 3:05-cv-348, Doc. No. 2 (dismissed on appeal, United States v. Sloan, No. 05-7350 (4th Cir. Nov. 28, 2005)); Order, 3:06-cv-21, Doc. No. 3).

On June 24, 2013, Petitioner filed the pending motion to vacate, in which he moves this Court to vacate his sentence of 832 months and order a new sentencing hearing in accordance with the U.S. Supreme Court decisions in Graham v. Florida, 130 S. Ct. 2011 (2010) and Miller v. Alabama, 132 S. Ct. 2455 (2012).[1] Also on June 24, 2013, Petitioner filed a motion seeking

---

[1] In Graham, the Supreme Court held that the Eighth Amendment of the Constitution prohibits a court from sentencing a juvenile offender to life in prison without parole for a non-homicide offense. 130 S. Ct. at 2017-18. In Miller, the Court drew on Graham to prohibit application of

authorization from the Fourth Circuit Court of Appeals to file a successive Section 2255 motion. On October 23, 2013, this Court stayed this action pending the Fourth Circuit Court of Appeals decision. On May 6, 2014, the Fourth Circuit Court of Appeals entered an order denying Petitioner's request to file a successive petition. See (Doc. No. 5). Because the Fourth Circuit Court of Appeals has now ruled on Petitioner's motion to file a successive petition, this Court thereby lifts the stay of this action and reinstates this action.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted above, this is the fifth Section 2255 motion to vacate filed by Petitioner with regard to his conviction and sentence in 3:93-cr-28-1. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." As noted Petitioner sought an order from the Fourth Circuit Court of Appeals authorizing him to file a successive petition under 28 U.S.C. § 2255, and that

---

mandatory life-without-parole sentencing schemes to juvenile offenders, even in homicide cases. 132 S. Ct. at 2460. Petitioner was 17 when he entered the conspiracy and when he committed the remaining firearms offenses.

court has now entered an order denying his request to file a successive petition.  See also §

2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a

panel of the appropriate court of appeals.").  Accordingly, this successive petition must be

dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to

obtain authorization to file a "second or successive" petition deprived the district court of

jurisdiction to consider the second or successive petition "in the first place").

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 motion to

vacate for lack of jurisdiction because the motion is an unauthorized, successive petition.

**IT IS, THEREFORE, ORDERED** that

1. The Court hereby lifts the stay in this action and this action is reinstated.

2. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).  Petitioner

has failed to make the required showing.

Signed: May 8, 2014

Graham C. Mullen
United States District Judge