IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00066-GCM
3:93-cr-00028-GCM-1

| | |
|---|---|
| JEREMIAH WELDON SLOAN, | ) |
| Petitioner, | ) |
| v. | ) **O R D E R** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In July 1994, Petitioner was convicted by a jury of various drug trafficking and firearms offenses. Petitioner was sentenced in December of that year to a term of life imprisonment plus 45-years' imprisonment. Petitioner's judgment was affirmed on appeal. See United States v. Sloan, 99 F.3d 1132 (4th Cir. 1996) (unpublished table decision). In July 1999, the Court dismissed Petitioner's first § 2255 motion as untimely. Sloan v. United States, No. 3:98-cv-401-GCM (W.D.N.C. July 28, 1999). Petitioner filed several subsequent § 2255 motions which the Court dismissed as unauthorized, successive motions. (3:03-cv-32-GCM; 3:05-cv-348-GCM; 3:06-cv-21-GCM; 3:13-cv-434-GCM).

In the present motion, Petitioner again attacks the validity of his criminal judgment, however, he has failed to demonstrate that he has received the required authorization to proceed with another collateral proceeding.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion, this Court is without jurisdiction to consider the merits of this successive Section 2255 motion and it will be dismissed. See e.g., In re Vial, 115 F.3d 1192 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: February 19, 2015

Graham C. Mullen
United States District Judge