# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:93-cr-00028-GCM

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> JEREMIAH WELDON SLOAN, <br><br> Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Jeremiah Weldon Sloan's Motion for Compassionate Release/Reduction of Sentence (ECF Docs. 105, 107,[1] 112). Defendant Sloan first filed this motion *pro se*, but the Federal Public Defender's office has since filed a supplement to the Motion. The Government has responded in opposition to the Motion and this matter, now being fully briefed, is ripe for review.

## I. BACKGROUND

Sloan was one of eight defendants charged in a drug conspiracy that lasted from approximately 1988 through early 1993. The conspiracy began when Sloan was approximately fifteen and lasted until he was twenty years old. Sloan allegedly assisted in directing the operation. Sloan was convicted on: Count 1 for Conspiracy to Possess with Intent to Distribute, and Distribute, Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841, 846; Counts 2, 3, and 4 for Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 21 U.S.C. § 924(c); and Count 7 for Possession with Intent to Distribute Cocaine Base, and Aiding

---

[1] In Doc. 107, Sloan requested a status update or hearing regarding this Motion. Because the Court will herein proceed to rule on the merits of Sloan's Motion for Compassionate Release/Reduction of Sentence, the motion for status update or hearing is moot.

and Abetting the Same, in violation of 28 U.S.C. § 841. At his original sentencing, the district court agreed with Probation's calculations to impose the following sentence: Count 1—life; Count 7—concurrent 480 months; Count 2—consecutive sixty months; Count 3—consecutive 240 months; Count 4—consecutive 240 months. At the time of his sentencing, Sloan was twenty-two years old.

On three occasions, the Court has reduced Sloan's sentence on the basis of retroactive crack cocaine amendments. In 2009, the Court reduced Sloan's sentence as to Counts 1 and 7 to concurrent terms of 360 months. Then again, in 2013, the Court reduced Sloan's sentence as to Counts 1 and 7 to concurrent terms of 292 months. In 2015, the Court further reduced Sloan's sentence as to Counts 1 and 7 to concurrent terms of 235 months. In sum, Sloan is currently serving an aggregate sentence of 775 months. According to the most recent Supplemental Presentence Investigation Report, Sloan is credited with having served 365 months. Sloan is currently housed in Jesup FCI and has a projected release date of October 31, 2049. Any other relevant facts are set forth in the discussion section below.

## II. DISCUSSION

In his Motion, Sloan argues that the Court should exercise its discretion to reduce his sentence to time served pursuant to the First Step Act. For purposes of this Motion, the First Step Act made two relevant changes to sentencing. First, prior to the First Step Act, sentences under Section 924(c) were "stacked" such that there was a five- to ten-year mandatory minimum for the first offense and a twenty-five-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the twenty-five-year sentence for subsequent violations was clarified to apply only when a prior Section 924(c) conviction arises from a separate case and has already become final. *Id.* But that change was not

made retroactive for sentences such as Sloan's, which were imposed before the First Step Act became law. *Id.* Second, the First Step Act changed the compassionate release statute so that a court could reduce a defendant's sentence for "extraordinary and compelling reasons" upon a defendant's motion, rather than only upon motion from the Bureau of Prisons. *See id.*[2] These changes are relevant to the present Motion because, although the amendment to "stacking" was not made retroactive, Sloan has filed this Motion, arguing that the Court should use its discretion to find that extraordinary and compelling reasons warrant compassionate release.

Under Section 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at 280. The Fourth Circuit has recently found that there is no applicable policy statement from the Sentencing Commission where a defendant files a motion for compassionate release because the Sentencing Commission has not issued a policy statement since prior to the First Step Act becoming law. *Id.* at 284. The Fourth Circuit has also found that district courts have permissibly treated the severity of Section 924(c) sentences, and the corresponding disparity between pre-First Step Act Section 924(c) sentences and post-First Step Act Section 924(c) sentences, as "extraordinary and compelling reasons" to reduce a sentence under Section 3582(c)(1)(A). *Id.* at 286. This is not to say that "'*all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences

---

[2] This change still requires that a defendant has either exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or has waited thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Here, there is no dispute that Sloan properly exhausted his administrative remedies.

on a case-by-case basis.'" *Id.* at 287 (quoting *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *5 (D. Md. Apr. 30, 2020)).

In turning to Sloan's case, the Court finds that extraordinary and compelling reasons exist to reduce Sloan's sentence. Sloan's sentence was stacked pursuant to the prior sentencing scheme and, consequently, he received a 540-month sentence on his Section 924(c) convictions. If sentenced today, Sloan would receive 180 months on his Section 924(c) convictions. This means that Sloan's sentence was three times longer than it would be today. This also means that Sloan has already served more than two times the number of months he would have been sentenced on his Section 924(c) convictions. The severity of Sloan's sentence, in addition to the sentence disparities between him and defendants with similar records—even defendants sentenced prior to the First Step Act—provide extraordinary and compelling reasons to grant a sentence reduction. *See, e.g.*, *United States v. Jackson*, No. 3:90-cr-85-1, 2021 WL 2227333 (W.D.N.C. June 2, 2021); *United States v. Davis*, 3:98-cr-85-MOC, 2021 WL 2229293 (W.D.N.C. June 1, 2021). This is especially so in Sloan's case, considering that Sloan's own co-defendants have fared far better than him in their proceedings.

In addition to the severity of Sloan's sentence and the risk of sentencing disparities, other factors further support a finding of extraordinary and compelling reasons to reduce Sloan's sentence. Sloan has shown strong evidence of rehabilitation in that he has completed forty-seven programs and work assignments, including earning his GED/Diploma. He has received just two minor disciplinary infractions in approximately thirty years of incarceration, the most recent of which was in 2004. Sloan has received numerous positive work evaluations and accolades, and his Bureau of Prisons case managers speak highly of his character. Moreover, Sloan was a juvenile when he committed the crimes at issue and was just twenty-two when he was sentenced. Further

still, Sloan has provided evidence of a strong support network and community. On the basis of the facts and circumstances in this case, extraordinary and compelling circumstances exist to reduce Sloan's sentence. For similar reasons, the relevant Section 3553(a) factors further support this conclusion.

The Government opposes the relief requested in Sloan's Motion but largely fails to address Sloan's arguments supporting a sentence reduction. In its opposition, the Government highlights that Sloan used firearms in his conspiracy and that the Court should generally adhere to Sentencing Guideline § 1B1.13—even though the Fourth Circuit has held it to be inapplicable in motions such as Sloan's. Moreover, the Government argues that Sloan has not performed well in prison, but it provides no support for this contention. The Court disagrees with the Government's stance. In sum, after considering the applicable facts, circumstances, and law surrounding this Motion, the Court concludes that Sloan's Motion should be **GRANTED with modification**, as set forth below.

### III. ORDER

For the reasons indicated herein, **IT IS HEREBY ORDERED**:

1. Defendant Jeremiah Weldon Sloan's Motion for Compassionate Release/Reduction of Sentence (ECF Docs. 105 and 112) is **GRANTED WITH MODIFICATION**;
2. Sloan's term of imprisonment is reduced to **TIME SERVED PLUS FOURTEEN DAYS**;
3. Upon release from imprisonment, Sloan shall be placed on supervised release for a term of five years. While on supervised release, Sloan shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by this Court; and
4. Sloan's Motion for Status Report or Hearing (ECF Doc. 107) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: June 8, 2021

Graham C. Mullen
United States District Judge